UNITED STATES of America

v.

Jay E. LENTZ, Defendant.

No. CRIM.A.01–150–A.

United States District Court,
E.D. Virginia,
Alexandria Division.

Aug. 22, 2002.

Steven D. Mellin, Assistant United States Attorney, United States Attorney Office, Alexandria, Virginia, for plaintiff.

Michael William Lieberman, Gerald Zerkin, Assistant Public Defender, Office of the Public Defender, Alexandria, Virginia, Frank Salvato, Alexandria, Virginia, for defendant.

## MEMORANDUM OPINION

LEE, District Judge.

Defendant Jay. E. Lentz is charged in a three-count indictment including a charge of kidnaping resulting in death under 18 U.S.C. § 1201(a). Pursuant to the Federal Death Penalty Act ("FDPA"), 18 U.S.C. §§ 3591–3598, the Government filed a notice of intent to seek the death penalty if Defendant is convicted of the kidnaping charge based on three statutory aggravating factors under 18 U.S.C. § 3592(c). The Government also provided notice of two non-statutory aggravating factors.

This matter is before the Court on Defendant's Motion to Dismiss the Government's Notice of Intent to Seek the Death Penalty, or, in the Alternative to Strike Aggravating Factors. The issues presented in the instant Memorandum Opinion are (1) whether the alleged statutory aggravating factor under section 3591(c)(1), "[d]eath occurring during the commission of another crime," unconstitutionally duplicates elements of the kidnaping offense in violation of the Eighth Amendment of the United States Constitution; and (2) whether the non-statutory aggravating factor alleged in the notice, "[o]ther offenses and threatened offenses," is unconstitutionally overbroad or irrelevant.[1]

For the reasons stated below, the Court first holds that the statutory aggravating factor at issue under section 3591(c)(1) does not unconstitutionally duplicate elements of the kidnaping offense because allowing the jury to consider crimes for which the Defendant has been found guilty beyond a reasonable doubt does not violate the Constitution. Second, the Court holds that the non-statutory aggravating factor alleged in the notice, "[o]ther offenses and threatened offenses," is not unconstitutionally overbroad or irrelevant in light of the allegations of prior domestic abuse in this case. Accordingly, the Defendant's motion to strike the alleged statutory and non-statutory aggravating factors is DENIED.

## I. BACKGROUND

### A. The Charges Against the Defendant.

The Defendant is charged in a three-count indictment for kidnaping resulting in the death of his estranged wife, Ms. Doris Lentz. Count One charges Defendant with kidnaping resulting in death in violation of 18 U.S.C. § 1201(a), a capital offense. Count Two charges Defendant with kidnaping in violation of the same statute, a non-capital offense. Count Three charges Defendant with interstate domestic violence in violation of 18 U.S.C. § 2261(a)(2), i.e., causing a spouse or partner to travel across state lines by force or coercion with the intent to commit a crime of violence injuring the spouse or partner.

Defendant and Ms. Doris Lentz were married in 1989. During their marriage they had a daughter, Julia. The couple

---

1. Defendant's contentions attacking the FDPA on constitutional grounds and his subsequent arguments based on *Ring v. Arizona*, —— U.S. ——, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002), are addressed in the accompanying Memorandum Opinion issued today.

subsequently separated in 1993. Ms. Lentz lived in Arlington, Virginia and Defendant lived in nearby Maryland. In the spring of 1996, the Defendant and Ms. Lentz were in the midst of a hotly contested divorce proceeding in Maryland. The Government alleges that on April 22, 1996, Julia Lentz was visiting Defendant in Maryland. Defendant was supposed to return Julia to her mother later that evening. On the day in question, Ms. Lentz told a friend and her co-workers she was going from her home in Virginia to pick up her daughter at Defendant's home in Maryland. Ms. Lentz did not pick up her daughter and she has been missing since April 22, 1996.

Ms. Lentz and Defendant were scheduled to appear in divorce court in Maryland the next day. Ms. Lentz did not appear. The divorce court was scheduled to consider financial issues at this proceeding. Several days after Ms. Lentz's disappearance, her car was found abandoned in Washington, D.C. Ms. Lentz's body has never been found. The Government's theory of the case is that the accused kidnaped his wife by luring her from Virginia to Maryland in order to murder her.

### B. The Death Penalty Notice.

On October 29, 2001, the Government filed a Notice of Intent to Seek the Death Penalty ("Notice") under 18 U.S.C. § 3592 if Defendant is convicted of the kidnaping charge. The Notice alleges three statutory aggravating factors under § 3592(c). Specifically, the Government alleges:

1. Death During Commission of Another Crime.

The death, or injury resulting in death, occurred during the commission or attempted commission of, or during the immediate flight from the commission of one of the enumerated crimes, namely kidnaping. Section 3592(c)(1).

2. Pecuniary Gain.

The defendant committed the offense as consideration for the receipt, or in the expectation of the receipt, of anything of pecuniary value, specifically the avoidance of child support and property settlement payments. Section 3592(c)(8).

3. Substantial Planning and Premeditation.

The defendant committed the offense after substantial planning and premeditation to cause the death of a person. Section 3592(c)(9).

*See* Notice at 1–2. The Notice also sets forth two non-statutory aggravating factors:

1. Other offense and threatened offense.

The Government alleges that Lentz committed and threatened to commit various specified and unspecified other offenses on other occasions.

2. Victim Impact Evidence.

The Government notes that it will rely upon victim impact evidence.

*See* Notice at 3.

### C. Defendant's Motions to Dismiss the Death Penalty Notice.

Defendant initially moved to dismiss the death penalty notice on the grounds that the FDPA is unconstitutional because of the relaxed evidentiary standard provided during the sentencing phase, and the failure to prescribe that the *mens rea* requirements and statutory aggravating factors be submitted to a grand jury. Alternatively, the Defendant moved to strike one of the alleged statutory aggravating factors as impermissibly duplicative of the elements of the kidnaping offense, and one of the alleged non-statutory aggravating factors as overbroad and irrelevant.

After oral argument before this Court on the Defendant's motion to dismiss the death penalty notice, the Supreme Court

issued *Ring v. Arizona,* —— U.S. ——, 122 S.Ct. 2428, 153 L.Ed.2d .556 (2002). On July 16, 2002, Defendant filed a supplemental motion to dismiss contending that the FDPA is unconstitutional in light of *Ring.* The Government then filed a superseding indictment on July 24, 2002, realleging Counts One, Two and Three. The superseding indictment included a section entitled "Notice of Special Findings" that alleged the statutory aggravating factors listed above, as well as the *mens rea* requirements under 18 U.S.C. § 3591(a). On August 7, 2002, Defendant moved to strike the Notice of Special Findings from the Superseding Indictment.

Defendant's contentions attacking the FDPA on constitutional grounds and his subsequent arguments based on *Ring,* including Defendant's claim that the Notice of Special Findings in the superseding indictment is invalid, are addressed in the accompanying Memorandum Opinion issued today. In the instant Memorandum Opinion, the Court addresses the Defendant's claim that the Court should strike certain aggravating factors set forth in the Notice as invalid under the Eighth Amendment.

## II. DISCUSSION

Defendant raises two arguments in support of its motion to strike certain aggravating factors in the Notice. First, the Defendant contends that the statutory aggravating factor under 18 U.S.C. § 3592(c)(1), "[d]eath during the commission of another crime," should be struck because the factor impermissibly duplicates an element of the kidnaping offense in Count One. Second, the Defendant argues that the non-statutory aggravating factor, "[o]ther offenses and threatened offenses," should be struck because it is unconstitutionally overbroad and irrelevant. As discussed below, the Court rejects both arguments and denies Defendant's Motion.

### A. The Alleged Statutory Aggravating Factor under Section 3592(c)(1) is Not Impermissibly Duplicative of an Element of Count One.

■ Defendant maintains that a statutory aggravating factor that duplicates an element of the charged capital crime violates the Eighth Amendment because it fails to narrow the class of persons selected for the death penalty and unfairly weighs the scales in favor of death. *See United States v. McVeigh,* 944 F.Supp. 1478 (D.Colo.1996); *United States v. Kaczynski,* CR. No. 96–259, 1997 WL 716487 (E.D.Cal. Nov. 7, 1997). Based on this proposition, Defendant contends that the first alleged statutory aggravating factor set forth in section 3592(c)(1), "death during the commission of another crime," impermissibly permits the jury to "double-count" the capital offense charged in this case, *i.e.,* kidnaping resulting in death, in the penalty phase.

Defendant's argument has been soundly rejected by several courts who part company from *McVeigh and Kaczynski. See United States v. Johnson,* 136 F.Supp.2d 553, 559–560 (W.D.Va.2001); *United States v. Bin Laden,* 126 F.Supp.2d 290, 301 (S.D.N.Y.2001); *United States v. Frank,* 8 F.Supp.2d 253 (S.D.N.Y.1998). This Court finds the reasoning in *Johnson, Bin Laden,* and *Frank* persuasive.

First, "there is nothing wrong with permitting the jury during sentencing to consider crimes for which [the defendant] has been found. guilty beyond a reasonable doubt." *Bin Laden,* 126 F.Supp.2d at 301 (quoting *United States v. Cooper,* 91 .F.Supp.2d 90, 108–109 (D.D.C.2000)). By enacting 18 U.S.C. § 3592(c)(1), Congress provided that a "defendant's concurrent commission of certain crimes shall be probative consideration as to the overall gravity of the murder." *Bin Laden,* 126 F.Supp.2d at 301. Indeed, preventing the

jury from considering the circumstances of the particular offense at sentencing would be fundamentally at odds with established Supreme Court jurisprudence holding that "the sentencer should consider the circumstances of the crime in deciding whether to impose the death penalty." *Tuilaepa v. California*, 512 U.S. 967, 976, 114 S.Ct. 2630, 129 L.Ed.2d 750 (1994) (citing *Woodson v. North Carolina*, 428 U.S. 280, 303, 96 S.Ct. 2978, 49 L.Ed.2d 944 (1976)). *See also United States v. Jones*, 132 F.3d 232, 249 (5th Cir.1998), *aff'd*, 527 U.S. 373, 119 S.Ct. 2090, 144 L.Ed.2d 370 (1999) (finding that "[r]epetition of the elements of the crime as an aggravating factor helps channel the jury's discretion by allowing the jury to consider the circumstances of the crime when deciding the propriety of the death sentence.").

Moreover, the danger of double-counting caused by duplicative aggravating factors is not present here. *See Bin Laden*, 126 F.Supp.2d at 301. "[O]nce the penalty phase has begun, the jury [will be] asked to consider only once the fact that the [death] occurred during the commission of another crime. That the jury may find it relatively easy, based on its guilty verdict, to find the existence of this factor does not unfairly tip the scales toward death." *Frank*, 8 F.Supp.2d at 276. In sum, this Court concurs with the holding in *Johnson* that "the jury may take into account as an aggravating factor the circumstances of the crime, even if such information necessarily duplicates elements of the underlying offense, so long as that factor is not duplicative of another aggravating factor." *Johnson*, 136 F.Supp.2d at 559; *Bin Laden*, 126 F.Supp.2d at 301 (same); *Frank*, 8 F.Supp.2d at 277 (same). *See also United States v. Tipton*, 90 F.3d 861, 898 n. 19 (4th Cir.1996) (rejecting argument that statutory aggravating factors under 18 U.S.C. § 848(n)(1) impermissibly duplicated elements of the offense).

## B. The Non–Statutory Aggravating Factor of "Other offenses and threatened offenses" is Not Unconstitutionally Overbroad or Irrelevant.

Defendant's second argument attacks the constitutionality of the first non-statutory aggravating factor—"[o]ther offenses and threatened offenses." Defendant raises two contentions. First, he argues that the non-statutory aggravating factor is overbroad because on its face it would apply to every capital crime thus failing the narrowing requirement of the Eighth Amendment. *See Tuilaepa*, 512 U.S. at 972. The Government responds that there is no narrowing requirement for non-statutory aggravating factors, contending that the only constitutional requisite is that the factors be applied in a neutral and principled fashion. *See Jones v. United States*, 527 U.S. 373, 401, 119 S.Ct. 2090, 144 L.Ed.2d 370 (1999). Second, Defendant argues that the non-statutory aggravating factor at issue is unconstitutionally irrelevant to the jury's process in selecting the Defendant for capital punishment. *See Arave v. Creech*, 507 U.S. 463, 474, 113 S.Ct. 1534, 123 L.Ed.2d 188 (1993). The Government argues that the history of prior domestic abuse between the defendant and the victim is clearly relevant to the requirement of "individualized" sentencing. *See Williams v. New York*, 337 U.S. 241, 69 S.Ct. 1079, 93 L.Ed. 1337 (1949). The Court addresses each argument in turn below.

### 1. Overbreadth.

The Court first turns to whether narrowing is a constitutional requisite for non-statutory aggravating factors. Supreme Court precedent requires that an aggravating factor must not be too broad. *See Tuilaepa*, 512 U.S. at 972, 114 S.Ct. 2630; *Arave*, 507 U.S. at 474, 113 S.Ct.

1534. The factor "may not apply to every defendant convicted of a murder; it must apply only to a subclass of defendants convicted of murder." *Tuilaepa*, 512 U.S. at 972, 114 S.Ct. 2630. "If the sentencer fairly could conclude that an aggravating circumstance applies to *every* defendant eligible for the death penalty, the circumstance is constitutionally infirm." *Arave*, 507 U.S. at 474, 113 S.Ct. 1534 (emphasis in original). For the purposes of the constitutional bar against overbreadth, the Supreme Court does not draw a distinction between statutory and non-aggravating factors. District courts have interpreted the Court's silence as instructing that the overbreadth requirement is equally applicable to non-aggravating factors. *See United States v. Friend*, 92 F.Supp.2d 534 (E.D.Va.2000); *Johnson*, 136 F.Supp.2d at 562.

This Court finds no reason to depart from established Supreme Court precedent and other district courts to apply a less stringent standard to non-statutory aggravating factors. The Government's reliance on *Jones* is misplaced. *See* 527 U.S. at 401, 119 S.Ct. 2090. The cited passage is *not* the opinion of the Supreme Court, rather it is a plurality of four justices and not binding precedent.

Applying overbreadth analysis, the Court holds that the non-statutory aggravating factor at issue in this case is not too broad. Simply put, not every defendant convicted of murder will have allegedly committed or threatened to commit a domestic violence offense outside of the charged capital crime. *See Johnson*, 136 F.Supp.2d at 562 (rejecting overbreadth challenge to non-statutory aggravating fac-

tor of "criminal livelihood" because not every defendant convicted of murder earns a living by committing criminal acts). When read in the context of the indictment and the Government's proffer of instances of alleged domestic violence directed by Defendant against his estranged wife, it is clear that the other offenses or threats the Government will seek to introduce relate to allegations of domestic abuse. Should there be a need for a penalty phase, the Court will limit introduction of evidence pertaining to such domestic abuse offenses or threats that withstand the evidentiary standard of 18 U.S.C. § 3593(c).[2] This limitation will further narrow the applicability of the non-statutory aggravating factor at issue to the circumstances of the instant case. Finally, on motion by the defense, the Court can also properly instruct the jury to limit its consideration to such evidence.

### 2. Relevancy.

■ The Defendant also contends that the "other offenses" non-statutory aggravating factor fails to meet the relevancy requirement. An aggravating factor must focus on circumstances "particularly relevant to the sentencing decision." *Gregg v. Georgia*, 428 U.S. 153, 192, 96 S.Ct. 2909, 49 L.Ed.2d 859 (1976). To satisfy the relevancy requisite, the factor must serve the purpose of "enabl[ing] the sentencer to distinguish those who deserve the capital punishment from those who do not." *Arave*, 507 U.S. at 474, 113 S.Ct. 1534. *See also Friend*, 92 F.Supp.2d at 543 ("relevance means relevant to the issue: who should live or die.").

---

**2.** The Court notes that allowing evidence of unadjudicated criminal conduct "must be watched closely [for it] may implicate other constitutional concerns." *Johnson*, 136 F.Supp.2d at 563 (quoting *Milton v. Procunier*, 744 F.2d 1091, 1097 (5th Cir.1984)).

However, any remaining concerns of heightened reliability can be properly assessed in the context of the sentencing phase and adequately addressed by applying 18 U.S.C. § 3593(c) to exclude material that may pose unfair prejudice to the Defendant.

When read in the context of the indictment and the Government's proffer of allegations of domestic violence by the Defendant against Ms. Lentz, the alleged non-statutory aggravating factor of "other offenses" is relevant to the jury's sentencing decision. The Supreme Court has emphasized time and time again that "what is important at the selection stage is an *individualized* determination on the basis of the character of the individual and the circumstances of the crime." *Tuilaepa,* 512 U.S. at 973, 114 S.Ct. 2630 (emphasis in original). A history of domestic abuse between the Defendant and his estranged wife is clearly relevant to that determination in this case.[3]

### III. CONCLUSION

For the foregoing reasons, it is hereby

ORDERED that Defendant's Motion to Dismiss the Government's Notice of Intent to Seek the Death Penalty, or, in the Alternative to Strike Aggravating Factors is DENIED. An appropriate Order shall issue.

The Clerk is directed to forward a copy of the instant Memorandum Opinion to counsel.

---

**3.** On this point, the Court respectfully disagrees with the holding in *Friend* relied upon by the Defendant. In *Friend,* the court found that to be constitutionally relevant for death penalty selection purposes, the non-statutory aggravating factor must be comparable in severity to the statutory aggravating factors listed in section 3592(c). 92 F.Supp.2d at 544. Relying on *Friend,* Defendant contends that evidence of domestic abuse does not have the substantial degree of gravity to be a factor in the jury's determination. First, the Defendant's contention is erroneous on its face. There is no support for the claim that domestic abuse is any less a serious factor warranting consideration than the statutory aggravating factors of "vulnerability of victim," 18 U.S.C. § 3592(c)(11), or "pecuniary gain," 18 U.S.C. § 3592(c)(8). Second, this Court is hesitant to adopt a broad rule of law that all non-statutory aggravating factors must "equal" statutory aggravating factors in severity. Such a broad holding would be inconsistent with Congress' directive for the jury to consider "any other aggravating factor for which notice has been given exists," 18 U.S.C. § 3592(c), and the Supreme Court's mandate of "individualized" sentencing. *See Tuilaepa,* 512 U.S. at 972–73, 114 S.Ct. 2630.